found the facts there would be little use in jury trials. In this case the moving picture of good health, accidental physical injury, bad health and death, all in a period of nine weeks, is evidence tending to prove cause and effect; with conflicting expert testimony juries would naturally so find, and on this record we are of the opinion it is not the duty of any court to disturb that finding.

The judgment is affirmed.

*Affirmed.*

## 0. P. Mills, Appellee, v. Chicago and Northwestern Railway Company, Appellant.

### Gen. No. 5,813.   (Not to be reported in full.)

Appeal from the County Court of La Salle county; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 17, 1913.

### Statement of the Case.

Action of trover by O. P. Mills against the Chicago and Northwestern Railway Company to recover the value of one hundred and one hogs alleged to have been carried to the wrong place in disobedience to shipping instructions. From a judgment in favor of plaintiff for two hundred and fifty-nine dollars, defendant appeals.

Appellant contends (1) that there was no conversion, that at most it was only guilty of a breach of contract in shipping the hogs to Chicago; (2) that if there was a conversion it occurred at Chicago and the measure of damages is the market value at that place; (3) that its liability is limited by the shipping contract.

WILLIAM D. FULLERTON, for appellant; WILLIAM G. WHEELER, of counsel.

GEORGE W. HUNT and BUTTERS & ARMSTRONG, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 245*—*when action of trover lies for shipping live stock to wrong place*. When a shipment of hogs is carried to wrong place in disobedience to shipping instructions and shipper is obliged to sell at such place at a loss, shipper may maintain an action of trover against the railroad company.

2. CARRIERS, § 239*—*limitation of liability*. Limitation of liability in shipping contract, not binding on the shipper in the absence of evidence showing his assent thereto.

3. CARRIERS, § 250a*—*measure of damages for conversion*. In an action of trover for carrying hogs to the wrong place, the measure of damages is the market value of the hogs at the place they were ordered to be shipped when they should have been delivered there.

4. CARRIERS, § 250a*—*measure of damages for conversion, exception to general rule*. To the general rule that in case of conversion the measure of damages is the market value of the goods at the time and place of conversion, there is a recognized exception in cases against common carriers.

5. APPEAL AND ERROR, § 608*—*when excessiveness of verdict must be urged on motion for new trial*. Where objection to excessiveness of verdict is not suggested on motion for a new trial, it cannot be urged on appeal except as it arises in rulings on the instructions and evidence.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.